IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD BOYD,                          )
                                      )
            Plaintiff,                )
                                      )
       vs.                            )   No. 05 C 839
                                      )
INFINITY OF ORLAND PARK, MARK         )
RAHN, LARRY SODERSTROM,               )
BILL ATHANASOPULOS,                   )
                                      )
            Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald Boyd has filed a *pro se* complaint against defendant Infinity of Orland Park and three of its employees, and he alleges that defendant engaged in consumer fraud and deceptive sales practices when they sold him a car. Plaintiff claims that he is the victim of a bait-and-switch scheme and states that he entered defendant's dealership set on buying a Nissan Altima advertised for $16,995 and left with an Altima, but only after having paid $20,450. Plaintiff has also filed a motion to proceed *in forma pauperis*. We deny that motion because plaintiff does not demonstrate the requisite financial need. Plaintiff's next step, then, is to submit the filing fee and proceed with his case. But after examining plaintiff's complaint, the court must note that his time and resources may be better spent in state court.

Federal courts have limited jurisdiction – they may entertain only certain types of cases, such as those involving federal questions. On his civil cover sheet plaintiff selected "federal question" as the basis for jurisdiction. However, plaintiff's complaint and accompanying narrative do not disclose any conceivable federal question. Instead, plaintiff's case appears to implicate the Illinois Consumer Fraud and Deceptive Business Practices Act.

825 ILCS 505/1 *et seq.* Of course, the court may hear cases arising under state law under diversity jurisdiction, but plaintiff does not, and by all appearances, cannot invoke diversity jurisdiction. Diversity jurisdiction requires that plaintiff be a citizen of one state and all defendants citizens of other states, and that the amount in dispute exceed $75,000. Plaintiff states he is filing charges in the amount of $100,000, which includes punitive damages (his actual damages measure $7,000). Even if plaintiff meets the amount-in-controversy requirement, he cannot show that defendants are not citizens of Illinois. The choice of how to proceed is of course plaintiff's, but in selecting his next step he would be wise to note this court's observations.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 29, 2005.